IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
05/21/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

EUILMER GUERRERO CORDOVA,    )
    )
    Petitioner,    )
    )
    v.    )    Case No. 26-3105-JWL
    )
Warden, Midwest Regional Reception Center; and    )
Field Office Director, ICE ERO,    )
    )
    Respondents.    )
    )
_____)

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the Court **grants the petition in part, denies it in part, and retains part of the petition under advisement**. The petition is granted with respect to petitioner's claim that he has been improperly subjected to mandatory detention without bond consideration. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 1, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The petition is denied with respect to any claim relating to the conditions of petitioner's confinement, including any claim under the Eighth Amendment. The petition is retained under advisement with respect to petitioner's claim that his detention has become excessive in violation of due process. Respondents shall file a supplemental

answer addressing that claim on or before **June 1, 2026**, and petitioner may then file a traverse addressing that claim on or before **June 15, 2026**.

Petitioner, a native of Cuba, was paroled into the United States in May 2024. Immigration officials took petitioner into custody on July 5, 2025.  Petitioner filed an application in immigration court for adjustment of his status, and he also filed motions requesting that his removal proceedings be terminated or administratively closed.  On December 4, 2025, that court declined to terminate the proceedings, but it administratively closed the case, by agreement of the parties, to allow petitioner to pursue his application to United States Citizenship and Immigration Services (USCIS) for adjustment of status on an expedited basis.  On December 5, 2025, the immigration court denied petitioner's application for release on bond, ruling that it lacked jurisdiction to consider the request because petitioner was being detained as an arriving alien under 8 U.S.C. § 1225(b)(2)(A). On January 8, 2026, the immigration judge reconsidered its earlier ruling and granted petitioner's request that removal proceedings be terminated, for the reason that USCIS had declined to expedite petitioner's application for adjustment of status under the Cuban Adjustment Act.  The Government has appealed that decision to the Board of Immigration Appeals (BIA), which appeal remains pending, and therefore petitioner remains in custody in this judicial district.  On April 28, 2026, petitioner filed the instant habeas action; respondents have filed an answer to the petition, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and

constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claims.

First, petitioner claims that the period of his detention has become excessive in violation of due process.  Respondents have not addressed this claim in their answer, and the Court therefore retains the claim under advisement pending further briefing.  Respondents shall file a supplemental answer addressing this claim on or before **June 1, 2026**, and petitioner may then file a traverse addressing the claim on or before **June 15, 2026**.[1]

Second, petitioner appears to assert claims, including under the Eighth Amendment, in which he complains about the conditions of his confinement.  Such claims must be brought in a civil rights proceeding, however, and may not be asserted in a habeas action.  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).  The Court therefore denies any such claim without prejudice.

Third, petitioner claims that he is entitled to a bond hearing at which his request is considered on the merits.  Respondents argue that because petitioner is not yet subject to a final order of removal, he is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  This Court has previously held that the detention of an alien who is not newly arriving in the United States does not fall within the scope of Section 1225(b)(2)(A), which mandates detention pending removal proceedings, but instead is governed by 8 U.S.C. § 1226(a),

---

[1] Of course, this claim may become moot if petitioner is released on bond.

which provides for discretionary release on bond. *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). Despite this ruling, respondents argue that petitioner is subject to mandatory detention under Section 1225(b)(2)(A) for two reasons: (1) because he sought asylum at entry, petitioner is in fact "seeking admission" as required under that statute; and (2) because petitioner was initially stopped upon arrival and then paroled into the United States, he remains an "arriving alien" who is treated as if detained at the border. The Court has rejected these same arguments in a similar case, however. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). Respondents argue that this case may be distinguished from *Khudyi* because petitioner is seeking adjustment of his status under the Cuban Adjustment Act, but the Court disagrees that that fact removes his case from within the scope of the Court's ruling in *Galdamez Orellana*. The key fact is that petitioner had been present in the United States for a period of time prior to his most recent detention, and as the Court noted in *Khudyi*, such an alien is therefore not seeking "entry" into the United States. *See id.* Thus, for the same reasons cited in *Galdamez Orellana* and *Khudyi*, the Court concludes that petitioner should be deemed detained only under Section 1226(a), which permits release on bond.

Furthermore, for the reasons stated by this Court in *Galdamez Orellana*, *see* 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure

4

that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **June 1, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part and retained under advisement in part**.  The petition is granted with respect to petitioner's claim that he has been improperly subjected to mandatory detention without bond consideration.  Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **June 1, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The petition is denied without prejudice with respect to any claim relating to the conditions of petitioner's confinement, including any claim under the Eighth Amendment.  The petition is retained under advisement with respect to petitioner's claim that his detention has become excessive in violation of due process.  Respondents shall file a supplemental answer addressing that claim on or before **June 1, 2026**, and petitioner may then file a traverse addressing that claim on or before **June 15, 2026**.

---

[2]  Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe.  Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits.  Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

IT IS SO ORDERED.

Dated this 21st day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

6