**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EUILMER GUERRERO CORDOVA,  )
                                            )
                    Petitioner,          )
                                            )
    v.                                    )        Case No. 26-3105-JWL
                                            )
Warden, Midwest Regional Reception Center; and  )
Field Office Director, ICE ERO,      )
                                            )
                    Respondents.        )
                                            )
_____ )

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials.  By Memorandum and Order of May 21, 2026, the Court granted the petition in part, ordering that petitioner receive a bond hearing pursuant to 8 U.S.C. § 1226(a); denied the petition with respect to any claims relating to the conditions of petitioner's confinement; and retained the petition under advisement with respect to petitioner's claim that his detention had become excessive in violation of due process, ordering supplemental response and reply briefs.  By this order, the Court now **denies as moot** the remaining claim in the petition; and it **denies** petitioner's motion to enforce the Court's prior order requiring a bond hearing (Doc. # 9).

First, although the Court ordered supplemental briefing with respect to the remaining claim that the Court retained under advisement, petitioner has not filed any reply brief in support of that claim; thus, the Court deems the claim abandoned.  Moreover, the

Court agrees with respondents that any due process claim based on a prolonged detention has become moot in light of the bond hearing that petitioner received in compliance with the Court's prior order. If the Court had granted relief on that claim, it would merely have ordered additional process in the form of a bond hearing. *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026). Petitioner has received a hearing, and as respondents note, additional process is available to him in the form of an appeal to the Board of Immigration Appeals (BIA) from the denial of bond and a later bond motion based on changed circumstances. Accordingly, the remaining claim in the petition is hereby denied as moot.

Second, petitioner argues that he did not receive a proper bond hearing on the merits in compliance with the Court's prior order. Petitioner received a hearing on May 28, 2026, but the immigration judge denied bond, based on a finding that petitioner had not shown that he does not present a danger to the community. Specifically, petitioner argues that the immigration judge's reliance on petitioner's "pending criminal charges" was factually unsupported because his state DUI charges have been amended or dismissed. The immigration judge's order, however, cites petitioner's two DUI-related *arrests*, and therefore petitioner has not shown that the immigration judge's factual basis was incorrect. More importantly, as the Court noted in its prior order, the Court may review an immigration judge's refusal to conduct a hearing on the merits as ordered, but it lacks jurisdiction to review the merits of an immigration judge's denial of release on bond. *See Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungtrum, J.) (citing 8 U.S.C. § 1226(e)). The errors alleged by petitioner go to the merits of the bond decision,

and this Court may not review that decision.[1]  Petitioner has not shown that he did not receive the merits-based hearing that the Court ordered; accordingly, the Court denies the motion to enforce.

IT IS THEREFORE ORDERED BY THE COURT THAT the remaining claim in the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied as moot**, with the result that the petition in its entirety has been **granted in part and denied in part**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to enforce the Court's prior order requiring a bond hearing (Doc. # 9) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1]  Petitioner's recourse is to appeal that decision to the BIA.

3